UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Minneapolis Painting Industry Health and Welfare Fund, Minneapolis Local 386 Drywall Finishing Industry Pension Fund, Minneapolis Painting Industry Vacation and Holiday Fund, Minneapolis Public Relations and Apprenticeship Training Fund, Trusts,

Civil No. 00-CV-363 PAM/JGL

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT JUDGMENT**

Plaintiffs,

vs.

PREMIER PAINTING, INC.
a Minnesota business corporation, and
Donald D. Hardie, individually,

Defendants.

This matter was heard before the undersigned on the 8th day of September, 2000. Jacqueline Beaulieu of McGrann Shea Franzen Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on February 17, 2000.

2. Defendant Donald D. Hardie was personally served with a Summons and

45328

FILED SEP 12 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD SEP 12 2000
DEPUTY CLERK

Complaint in this matter on March 4, 2000.

3. Defendant Premier Painting, Inc. has been dissolved, and therefore is no longer a party to this action.

4. Defendant Donald D. Hardie has failed to file and serve a response or Answer to the Summons and Complaint.

5. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing painters work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

6. Defendant Donald D. Hardie accepted and agreed to be bound to the collective bargaining agreement in effect with Local Union No. 386, Brotherhood of Painters and Allied Trades, Minneapolis, Minnesota. The CBA obligates Defendant, as an employer, to submit fringe benefit reports and contributions in accordance with the agreement.

7. Plaintiff Funds performed two audits of Defendant's records to determine compliance with the collective bargaining agreement, one for the period January, 1994 through July, 1996 and one for the period July, 1996 through December, 1998.

8. Plaintiffs found $473.04 owing for fringe benefit contributions pursuant to the audit of Defendant's records for the period January, 1994 through July, 1996.

9. Plaintiffs found $6,413.09 owing for fringe benefit contributions pursuant to the audit of Defendant's records for the period July, 1996 through December, 1998.

10. The bargaining agreement provides that Defendant pay liquidated

damages of 10% of delinquent contributions.

11. Defendants owe $ 47.30 in liquidated damages pursuant to the audit of Defendant's records for the period January, 1994 through July, 1996.

12. Defendants owe $ 641.31 in liquidated damages pursuant to the audit of Defendant's records for the period July, 1996 through December, 1998.

13. The bargaining agreement provides that if amounts shown to be due pursuant to an audit exceed $100.00, Defendant must pay the costs of the audit.

14. Plaintiffs Auditing fees for the period January, 1994 through July, 1996 are $35.00.

15. Plaintiffs Auditing fees for the period July, 1996 through December, 1998 are $70.00.

16. The bargaining agreement further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

17. Plaintiff's reasonable attorney's fees and costs of this action are $1,433.75.

**CONCLUSIONS OF LAW**

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant owes $555.34 for amounts found to be due pursuant to the audit of Defendant's records for the period January, 1994 through July, 1996 for fringe benefit contributions, liquidated damages, and audit fees.

3. Defendant owes $7,124.40 for amounts found to be due pursuant to the audit of Defendant's records for the period July, 1996 through December, 1998 for fringe benefit contributions, liquidated damages, and audit fees.

4. Defendants owe additional amounts of $1,433.45 for attorneys' fees and costs.

5. Defendant owes Plaintiffs a total of $9,113.19.

**ORDER**

**IT IS ORDERED: THAT JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFFS AND AGAINST DEFENDANT DONALD D. HARDIE AS FOLLOWS:**

1. That Plaintiffs' motion for default judgment is granted.

2. That Judgment be entered in favor of Plaintiff fringe benefit funds collectively in the amount of $9,113.19.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 12, 2000

BY THE COURT

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: SEP 12 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995